IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:13-CV-418-GCM

| | |
|---|---|
| IAR FAMILY TRUST and ) | |
| BURNETT BOYKIN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| SUNTRUST MORTGAGE, INC., ) | |
| SUNTRUST BANK, INC., ANDREW ) | |
| COGBILL, SUBSTITUTE TRUSTEE ) | |
| SERVICES, INC. c/o HUNTCHENS, ) | |
| SENTER KELLAM & PETTIT, PA, ) | |
| JEREMY B. WILKINS, SUBSTITUTE ) | |
| TRUSTEE SERVICES OF CAROLINA, ) | |
| LLC c/o BROCK AND SCOTT PLLC ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Plaintiffs' Motions to Strike Order on Motion for Extension of Time (Doc. Nos. 34 & 36), Defendants SunTrust Bank and SunTrust Mortgage's Response (Doc. No. 43), and Plaintiff IAR Family Trust's Reply (Doc. No. 44). Plaintiffs ask the Court to strike a text-only order dated August 20, 2013 granting these Defendants' Motion for an Extension of Time to Answer (Doc. No. 11). In support, Plaintiffs indicate that service of the Complaint was completed on July 25, 2013 as to Defendant SunTrust Mortgage and on July 26, 2013 as to Defendant SunTrust Bank, rendering Defendants' motion of August 20, 2013 untimely. In response, Defendants assert that they were informed and believed that service had been accomplished on July 30, 2013 and that Plaintiffs consented to the extension.

To the extent that these motions are not mooted by the fact that Defendants have already timely filed a Motion to Dismiss (Doc. No. 20), and that Plaintiffs did not file their

motions to strike until well after that time, the Court notes that Fed. R. Civ. P. 6(b) allows a court to extend the time for filing "for good cause" either before time expires or after time expires if the delay was the result of "excusable neglect." "'[E]xcusable neglect' may extend to inadvertent delays," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citing *United States v. Borromeo*, 945 F.2d 750, 753-54 (4th Cir. 1991)), and "is a somewhat 'elastic concept,'" *id.* (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (2d ed. 1987)). When making this kind of determination, courts typically consider "the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party." *Id.*

While it appears that service was accomplished on the dates indicated by Plaintiffs, Defendants maintain they believed that it had not been accomplished until July 30 and that their motion was not untimely. They also sought out and obtained the consent of the opposing party and otherwise appear to have acted in good faith. The extent of the delay (five days) hardly constitutes prejudice to the opposing party, especially given federal courts' strong policy of resolving issues on the merits. Thus, to the extent that Defendants' motion was untimely, the Court finds that it was an inadvertent delay constituting excusable neglect.

IT IS THEREFORE ORDERED that Plaintiffs' Motions to Strike (Doc. Nos. 34 & 36) are hereby DENIED.

**SO ORDERED.**    Signed: November 6, 2013

Graham C. Mullen
United States District Judge