IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:13-CV-418-GCM

| | |
|---|---|
| IAR FAMILY TRUST and BURNETT BOYKIN | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) **ORDER** |
| SUNTRUST MORTGAGE, INC., SUNTRUST BANK, INC., ANDREW COGBILL, SUBSTITUTE TRUSTEE SERVICES, INC. c/o HUNTCHENS, SENTER KELLAM & PETTIT, PA, JEREMY B. WILKINS, SUBSTITUTE TRUSTEE SERVICES OF CAROLINA, LLC c/o BROCK AND SCOTT PLLC | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## I. INTRODUCTION

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 12, 16, 20), Plaintiffs' Responses in Opposition (Doc. Nos. 27, 28, 29, 31, 35, 37), and Defendants' Replies (Doc. Nos. 32, 33, 42, 44). For the reasons stated herein, Defendants' Motions are **GRANTED**.

## II. BACKGROUND

Plaintiff Burnett Boykin obtained a loan in the original principal amount of $1,290,600.00 from Defendant SunTrust Bank on November 17, 2006. (Compl. at 2). The loan was evidenced by a promissory note and secured by a deed of trust executed by Boykin and his wife Joyce and recorded on November 21, 2006. (*Id.*) The deed secured real property located at 9114 Woodhall Lake Drive, Waxhaw, North Carolina. (*Id.* at 3).

1

On August 26, 2009, alleging that Boykin had defaulted under the terms of his loan, a foreclosure action was commenced by Defendant Substitute Trustee Services, Inc. (STS) before the Clerk of Superior Court of Union County, North Carolina. (Compl. Ex. A). The Clerk entered an order allowing the foreclosure of the property to proceed. *Id.* Boykin appealed the Clerk's order to the Superior Court of Union County, and on July 10, 2012, that court found that SunTrust had not met its burden to prove that it was the holder of the note and deed. (Compl. at 2). On October 1, 2012, STS filed a notice of dismissal pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure dismissing the foreclosure proceedings without prejudice to refile at a later date. (*Id.* at 3).

On December 2, 2011, SunTrust notified Boykin that he was in default under the terms of the note as a result of his alleged failure to make monthly payments from July 1, 2008 through June 1, 2010, and July 1, 2010 through December 2, 2011. (Compl. Ex. E). On April 10, 2013, after providing Boykin with a statement of the amounts due under the note, (Compl. Ex. G), Defendant Trustee Services of Carolina, LLC (TSC) initiated a second foreclosure action before the Union County Clerk of Court. (Compl. at 5). On July 24, 2013, the Clerk entered an order allowing the foreclosure sale after finding that SunTrust is the holder of the note evidencing a valid debt owed by Boykin, that Boykin was in default of that note, and that SunTrust is entitled to foreclose. (Doc. No. 13 Ex. 1).[1]

On July 23, 2013, Boykin filed this Complaint (Doc. No. 1) asserting claims for fraud and violations of the Fair Debt Collection Practices Act (FDCPA), the Real Estate Settlement Procedures Act (RESPA), and the Truth in Lending Act (TILA).

---

[1] Typically, on a motion to dismiss under FRCP 12(b)(6), the Court considers only the facts stated in the complaint. However, a court may also take judicial notice of matters of public record without converting the ruling into one for summary judgment. *See, e.g.*, *SunTrust Mortgage, Inc. v. Busby*, 651 F. Supp. 2d 472, 479 (W.D.N.C. 2009) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

## III. DISCUSSION

When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of these factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

### A. Plaintiff IAR Family Trust

As an initial matter, the Court notes that the Complaint was filed by an Edward Kitchen on behalf of Boykin and an entity named "IAR Family Trust." Mr. Kitchen does not appear to be licensed to practice law in North Carolina, even though some of the exhibits filed with the Complaint list him as an "Attorney." (*See, e.g.*, Compl. Ex. M-2). N.C. Gen. Stat. § 84-4 prohibits the practice of law or the provision of legal services "for another person, firm, or corporation" by persons not licensed to practice law in the State of North Carolina. Mr. Kitchen appears to have violated this provision in several respects, not the least by filing this Complaint in the first place.

Moreover, the entity he purports to represent—IAR Family Trust—does not appear to be a proper party to this suit. Defendants correctly point out that the Complaint is entirely devoid of any allegation relating to IAR Family Trust. The injuries complained of in this suit

stem from the efforts to collect a debt owed by Boykin, who is solely obligated to repay the loan and who executed the deed at issue here. Nevertheless, because Boykin is a proper party, and because he has retained counsel since the filing of this suit, the Court will proceed to the merits of the case.

**B. Fraud**

Boykin's first claim is titled "Perjury, Fraud, Miss-Representation (sic) and Attempted Theft & Embezzlement." Construed very liberally, the Court suspects that the Complaint means to state a claim for fraud, and bases that claim on a purported "illegal foreclosure." North Carolina does not recognize claims for perjury, attempted theft, or embezzlement.

In North Carolina, a claim for common law fraud requires a plaintiff to allege sufficient facts to demonstrate: (1) that the defendant made a representation relating to some past or existing fact; (2) that the representation was false; (3) that the defendant knew that the representation was false when made, or made recklessly without knowledge of its truth; (4) that defendant intended the representation to be relied upon; (5) that the plaintiff reasonably relied and acted upon the representation; and (6) that the plaintiff suffered an injury. *See Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 253 (1980).

The crux of Boykin's claim stems from allegations that Defendants made false representations in an attempt to foreclose on his property—namely, that Defendant SunTrust is the holder of the note and deed that entitles it to such a foreclosure. There are a number of problems with this position. First, Plaintiff must show that he relied on Defendants' misrepresentations, but the Complaint demonstrates precisely the opposite. Boykin describes in some detail his efforts to combat the foreclosure in Superior Court, indicating that he did not rely at all on the representations of Defendants. Thus, even if these representations were

false, the facts alleged in Boykin's Complaint clearly demonstrate that he did not rely on them to his detriment. Also, Boykin largely bases his claim for fraud on the fact that the Superior Court found that Defendants had not met their burden for proving ownership of the note and deed in the first foreclosure action. But not meeting one's burden for proving ownership does not conclusively demonstrate that one is not actually the owner. It certainly does not demonstrate that one has committed fraud. Thus, the facts alleged in the Complaint, taken as true, do not demonstrate that Defendants committed fraud.

Perhaps most importantly, it does not appear that Defendants' representations were actually false. The Court takes judicial notice of the second foreclosure action in Union County, Case Number 13-SP-0472, Superior Court Division, as a matter of public record. On July 24, 2013, the Union County Clerk of Court entered an order allowing the foreclosure sale after finding that SunTrust actually is the holder of the note evidencing a valid debt owed by Boykin, that Boykin was in default of that note, and that SunTrust is entitled to foreclose. (Doc. No. 13 Ex. 1). As such, Boykin has failed to allege sufficient facts to state a claim for fraud.

**C. FDCPA**

As his second cause of action, Boykin appears to allege that Defendants' efforts to collect the amounts owed under the note or efforts to effect a foreclosure somehow violate the FDCPA. In order to prevail on a FDCPA claim, a plaintiff must show that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *See Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766 (E.D.N.C. 2011).

Boykin fails to allege sufficient facts to establish any of these elements. He fails to identify a specific provision of the FDCPA that Defendants are alleged to have violated. The Court cannot discern from the facts alleged precisely how Defendants may have violated any portion of the FDCPA. Notably, the FDCPA defines "Debt Collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). Courts have repeatedly held that this definition does not include a consumer's creditors or mortgage servicers. *See, e.g.*, *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Scott v. Wells Fargo Home Mortg. Inc*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003); *In re Pultz*, 400 B.R. 185, 191 (Bankr. D. Md. 2008). As such, Boykin has failed to state a claim under the FDCPA.

### D. RESPA

Boykin also asserts a claim under RESPA for failure to respond to a qualified written request (QWR). A QWR is a "written request from the borrower . . . for information relating to the servicing of [a] loan." 12 U.S.C. § 2605(e)(1)(A). RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). As defined by RESPA, servicing does not include foreclosure or pre-foreclosure proceedings. *Id.*

In order to state a claim for a violation of RESPA's QWR provisions, the borrower must demonstrate (1) a written request that meets RESPA's definition of a QWR, (2) the servicer failed to perform its duties, and (3) actual damages. *See Bourdelais v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 158508, *25-26 (E.D. Va. Nov. 5, 2012).

Defendants contend that Boykin has failed to adequately plead any of these elements. To begin with, they assert that Boykin's QWR, which is attached as an exhibit to the Complaint, does not meet the definition of a QWR because it did not relate to the servicing of his loan; rather, the letter attempts to challenge the validity of his loan, which does not animate Defendants' obligations under RESPA. Having reviewed the letter, the Court agrees. The letter is an attempt to dispute the original terms of the loan and its validity and cannot be considered a request for information about the servicing of the loan. *See Ward v. Security Atlantic Mortg. Electronic Registration Systems, Inc.*, 858 F. Supp. 2d 561, 574 (E.D.N.C. 2012) (dismissing RESPA claim because letter challenging the validity of the debt does not constitute a QWR). Moreover, the Complaint fails to demonstrate that Boykin has suffered any damages as a result of Defendants' alleged failure to respond to his letter, which is required to maintain a claim under RESPA. As such, Boykin has failed to state a claim under RESPA.

### E. TILA

Boykin also asserts a claim under TILA and alleges that Defendants deceived him "into believing that they actually lent money to fund the alleged loan" or otherwise failed to make required disclosures to Boykin. Notably, however, an action claiming a violation of TILA disclosure requirements must be brought within one year of the statutory violation. 15 U.S.C. § 1640(e). Courts have uniformly held that non-disclosure violations occur no later than the date of settlement. *See, e.g.*, *Salois v. Dime Savings Bank*, 128 F.3d 20, 25 (1st Cir. 1997); *Smith v. American Financial Systems, Inc.*, 737 F.2d 1549, 1552 (11th Cir. 1984). Here, the Complaint clearly reflects that the settlement date was November 17, 2006. Boykin

commenced this action on July 23, 2013, placing his TILA claim well outside the applicable statute of limitations. Boykin's TILA claim is therefore time-barred.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Doc. Nos. 12, 16, & 20) are **GRANTED**. The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: April 14, 2014

Graham C. Mullen
United States District Judge